**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2337

DEBRA PACE,

Plaintiff - Appellant,

v.

KILOLO KIJAKAZI, Commissioner of Social Security Administration,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  David C. Norton, District Judge.  (6:19-cv-01186-DCN)

Submitted:  July 22, 2022                       Decided:  August 12, 2022

Before RICHARDSON and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  Brian C. O'Donnell, Regional Chief Counsel, Victor Pane, Supervisory Attorney, Jordana Cooper, Senior Attorney, Peter Colonna-Romano, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; M. Rhett DeHart, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNRY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra Pace appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Pace's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

In making a disability determination, the ALJ must consider the medical opinions of record. 20 C.F.R. § 404.1527(b) (2022). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature of and severity of [the claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1) (2022). For claims filed before March 27, 2017, an ALJ is normally

required to accord more weight to the medical opinion of an examining source than that of a nonexamining source when evaluating conflicting medical opinion evidence. 20 C.F.R. § 404.1527(c)(1) (2022); *Brown*, 873 F.3d at 268. "Accordingly, the treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (internal quotation marks omitted). However, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

When the ALJ does not give controlling weight to a treating source's opinion, he must consider a nonexclusive list of factors to determine the weight to be given all medical opinions in the record: (1) examining relationship; (2) treatment relationship; (3) supportability of the physician's opinion; (4) consistency of the opinion with the record; and (5) specialization of the physician. 20 C.F.R. § 404.1527(c)(2)-(6) (2022); *Arakas*, 983 F.3d at 106. The ALJ is not required to discuss each factor in his decision. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 385 (4th Cir. 2021). However, "it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion," *id.* (emphasis omitted), and he "must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning the claimant's conditions and limitations," *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir.

2018) (cleaned up); *see also* 20 C.F.R. § 404-1527(c)(2) ("We will always give good reasons in our . . . decision for the weight we give your treating source's medical opinion.").

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Pace's claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Pace v. Comm'r Soc. Sec. Admin.*, No. 6:19-cv-01186-DCN (D.S.C. Oct. 16, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
